UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 23-24-REW-CJS |
| | ) | Civil Action No. 24-149-REW-CJS |
| v. | ) | |
| | ) | |
| FRANCE ALLEN HELTON, | ) | **RECOMMENDED DISPOSITION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

France Allen Helton, *pro se*, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 61). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Recommended Disposition under 28 U.S.C. § 636(b). After conducting a preliminary review of the § 2255 Motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, it will be recommended that Helton's § 2255 Motion **be denied.**

I.   **FACTUAL AND PROCEDURAL HISTORY**

On May 25, 2023, a grand jury in this District returned a single-count Indictment against Helton, charging him with knowingly and intentionally possessing with the intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (R. 1). The Indictment also alleged that before Helton committed the charged offense, he had a final conviction for a serious drug felony. (*Id.* at Page ID 1). Helton first appeared in this District on June 23, 2023, for his initial appearance and arraignment (R. 16). At that time, David S. Hoskins was appointed as counsel for Helton under the Criminal Justice Act. (*Id.* at Page ID 32).

On July 21, 2023, Helton's defense counsel filed a Motion to Suppress, seeking to suppress all evidence seized following the stop of Helton's vehicle on the day of his arrest. (R. 19). On August 15, 2023, Magistrate Judge Hanly A. Ingram held an evidentiary hearing on Helton's suppression motion. (R. 30). Two weeks later, on September 1, 2023, defense counsel moved to withdraw Helton's suppression motion, representing that after discussing the evidence introduced at the evidentiary hearing and reviewing a transcript of the hearing with counsel, Helton "acknowledge[d] that the government ha[d] met the evidentiary burden to justify the stop of his vehicle." (R. 32 at Page ID 93). The Court granted the Motion for Leave to Withdraw Suppression Motion, and Helton's suppression motion was denied as withdrawn. (R. 33). On October 22, 2023, the United States filed a notice under 21 U.S.C. § 851 regarding the enhanced statutory punishment for Helton if he were to be convicted. (R. 34).

Ultimately, Helton decided to plead guilty in this action, and he appeared before Magistrate Judge Ingram for a rearraignment on November 9, 2023. (R. 42). Helton's plea agreement appears in the record, and it contains the following relevant provisions:

> 4. The statutory punishment for the Offense is imprisonment for not less than 10 years and not more than life, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant agrees that he has a prior qualifying serious drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851 and is therefore subject to the above-referenced enhanced statutory punishment. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.
>
> 5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.
>
>> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. § 3El.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

. . . .

7. The Defendant waives the right to appeal the guilty plea and conviction.  The Defendant reserves the right to appeal the sentence.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

(R. 40 at Page ID 112-13).

During Helton's rearraignment, Judge Ingram conducted a full colloquy under Federal Rule of Criminal Procedure 11 and found Helton "to be fully competent and capable of entering an informed plea." (R. 42 at Page ID 118).  Judge Ingram also found Helton "knowingly, voluntarily, and intelligently waived the right to appeal the guilty plea and conviction, but reserve[d] the right to appeal the sentence," and that, "[e]xcept for claims of ineffective assistance of counsel, Defendant also waived the right to collaterally attack the guilty plea, conviction, and sentence." (*Id.*). Judge Ingram therefore found "[t]he plea of guilty [wa]s a knowing and voluntary plea supported by an independent basis in fact containing the essential elements of the relevant offense charged in Count 1 of the Indictment" and recommended that the plea be accepted and that Helton "be adjudged guilty of the offense charged in Count 1 and the forfeiture allegation of the Indictment." (*Id.*).  Additionally, Judge Ingram confirmed that Helton had discussed the § 851 notice with his counsel and reviewed the notice and its effect with Helton.  (*Id.*).

Magistrate Judge Ingram's Recommendation of Acceptance of Guilty Plea was entered the day of the rearraignment (November 9, 2023).  (*See* R. 43).  No objections were filed to the Recommendation, and District Judge Robert E. Wier adopted the Recommendation and adjudged

3

Helton guilty of the offense charge in Count 1 of the Indictment on November 14, 2023. (R. 44). On May 21, 2024, Helton appeared before Judge Wier for sentencing.[1] (R. 55). At that time, Helton was sentenced to 250 months of imprisonment to be followed by 8 years of supervised release. (R. 57). Judgment was entered against Helton on May 22, 2024. (*Id.*).

Helton did not file a direct appeal. (*See* R. 61 at Page ID 211). Thus, his Judgment became final fourteen days later when the time to do so expired (June 5, 2024). *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Helton filed his § 2255 Motion a few months later on September 30, 2024.[2] (R. 61). Under 28 U.S.C. § 2255(f)(1), the motion was timely filed.

## II.     ANALYSIS

### A.     Governing Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may seek relief on grounds that: his conviction or sentence violated the Constitution or laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence exceeded the maximum authorized by law; or the

---

[1] Before Helton's sentencing, his counsel filed a memorandum regarding an unresolved objection to the Presentence Investigation Report, which objection concerned an enhancement that could affect the programming available to Helton while incarcerated. (R. 51). That objection was overruled. (*See* R. 55 at Page ID 157).

[2] Although the Clerk of Court received and docketed the Motion on October 16, 2024, the Motion is deemed filed on the date Helton deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Helton represents that he placed his § 2255 Motion in the prison mailing system on September 30, 2024. (*See* R. 61 at Page ID 220). Applying the prison mailbox rule, the Motion to Vacate is deemed filed on September 30, 2024. *See Houston v. Lack*, 487 U.S. 266, 266-67 (1988) ("The general rule that receipt by the court clerk constitutes filing, although appropriate for most civil appeals, should not apply in the pro se prisoner context.").

sentence is otherwise subject to collateral attack. To succeed on a § 2255 motion alleging constitutional error, a federal prisoner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional error, a federal prisoner "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). A federal prisoner must prove his allegations by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

B.   **Helton's Claim**

In his § 2255 Motion, Helton presents one ground on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States:

> I signed my plea of guilty for a sentence of 10 years to life, upon completion of my PSI, which was done after I signed my plea of guilt, and after my plea was accepted by the judge, my sentence was changed to 250 months.

(R. 61 at Page ID 211). He asks the Court for the following relief: "To uphold my plea of guilt that I signed for and that was accepted by the Court." (*Id.* at Page ID 220).

It is well settled that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *See United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004); *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). Moreover, the Sixth Circuit has specifically held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001); *Watson*, 165 F.3d at 488-89. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *See In re Acosta*, 480 F.3d 421,

5

422 (6th Cir. 2007). However, in situations where a defendant has not articulated in his motion a basis for attacking the validity of the waiver, courts have upheld collateral attack waivers if the waivers were knowing and voluntary. *See, e.g.*, *United States v. Eversole*, No. 6:05-cr-64, 2010 WL 420067, at *8 (E.D. Ky. Feb. 1, 2010) (Recommended Disposition, adopted and incorporated by the District Judge, citing *Short v. United States,* 471 F.3d 686, 697-98 (6th Cir. 2006); *Davila*, 258 F.3d at 451).

Notably, in his § 2255 Motion, Helton does not challenge his counsel's actions. Instead, he seeks to collaterally attack his plea. However, as discussed above, Helton's plea agreement contained the following waiver provision: "Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." (R. 40 at Page ID 113). Thus, Helton's challenge is unable to proceed so long as the waiver contained in his plea agreement was knowingly and voluntarily made. Here, the record demonstrates that Judge Ingram, at Helton's rearraignment—after addressing Helton's expectations regarding a potential sentence and informing Helton, if the sentence were worse than he expected, that would not be grounds for him to withdraw his guilty plea—confirmed that Helton *did* knowingly, voluntarily, and intelligently waive his appeal and collateral attack rights. (Recording at 18:12-18:13, 29:43-30:50, 31:00-33:35).[3] Because Helton validly waived the right of collateral attack, his § 2255 Motion should be denied. *See United States v. Yarber*, No. 5:13-CR-62-JMH-HAI-3, 2016 WL 8252815, at *2 (E.D. Ky. Nov. 16, 2016) ("Yarber's § 2255 motion is a collateral attack, and she is not arguing an

---

[3] The official record of Helton's rearraignment proceeding is an audio file. (*See* R. 42 at Page ID 118). Citations to the Recording refer to the minutes and seconds that elapse from the beginning of the audio file.

ineffective-assistance-of-counsel claim. This collateral attack falls squarely within the waiver provision of her plea agreement, and thus it is waived.").

As a final matter, Helton does not directly challenge his sentence in his § 2255 Motion, but to the extent his filing can be construed as doing so, such a claim would not be cognizable because he did not raise it on direct appeal (and recall that he reserved the right to do so). *See id.* (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)) ("Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion. Normally, sentencing challenges must be made on direct appeal or they are waived."). Additionally, the Court observes that Helton's term of imprisonment (250 months) *was* within the range that Helton claims he signed for in his plea agreement (10 years to life). (*See* R. 61 at Page ID 221).

## III.  CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it

7

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Helton's § 2255 Motion or conclude that "the issues presented are adequate to deserve the encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability **be denied** upon the entry of a final order in this matter.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS RECOMMENDED** as follows:

1) Helton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 61) **be denied;**

2) a Certificate of Appealability **be denied** in conjunction with the entry of a final order denying Helton's § 2255 Motion in this matter; and

3) Helton's collateral civil proceeding **be closed and stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. <u>Specific written objections to any or all findings or recommendations in this Recommended Disposition must be filed within **fourteen (14) days** after being served with a copy of this Recommended Disposition for determination, de novo, by the District Judge.</u>  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by

the District Judge and the Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 18th day of November, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\2255 prelim review\23-24-REW Helton R&R final.docx