UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff/Respondent,   ) | No. 6:23-CR-24-REW-CJS |
| ) | No. 6:24-CV-149-REW-CJS |
| v.   ) | |
| ) | |
| FRANCE ALLEN HELTON,   ) | ORDER DENYING § 2255 MOTION |
| ) | |
| Defendant/Petitioner.   ) | |

*** *** *** ***

Defendant/Petitioner France Allen Helton filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, regarding his term of 250 months' imprisonment for meth trafficking. *See* DE 61 (Motion); DE 57 (Judgment). In the motion, Helton seeks relief on a single ground: he asks the Court to "uphold [his] plea of guilt that [he] signed for and that was accepted by the Court." DE 61 at 13. He argues that he "signed [his] plea of guilty for a sentence of 10 years to life," but "after [his] plea was accepted by the judge, [his] sentence was changed to 250 months." *See id.* at 4.

United States Magistrate Candace J. Smith, on referral, issued a Report and Recommendation on the motion, ultimately recommending that the Court deny the motion because Helton waived the right to collaterally attack his guilty plea. *See generally* DE 63 (Report and Recommendation). The Report and Recommendation counseled against the issuance of a certificate of appealability (COA). *See id.* at 7–8. Judge Smith conducted a thorough analysis, assessing the full pertinent record and invoking the proper legal standards and apt case law. She informed Helton of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 8. Judge Smith warned Helton that failure to properly and timely object

1

would cause him to lose the right to further appeal or review. *See id.* at 8–9. The deadline has passed with no objection from either party.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original).

The Court has considered the Report and Recommendation, as well as the entire record and relevant authority, and agrees with Judge Smith's careful analysis and conclusions. The lack of objection forfeits further review, but Judge Smith had the merits right as well.

Judge Smith correctly concluded that Helton waived his right to collaterally attack his guilty plea. *See* DE 63 at 6–7. Helton's plea agreement contained the following waiver provision, in relevant part: "Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." DE 40 (Plea Agreement) ¶ 7. The Court agrees with Judge Smith that Helton's motion amounts to a collateral attack on his guilty plea and that Helton does not otherwise raise an ineffective assistance of counsel claim. *See* DE 63 at 6–7. As Judge Smith properly determined, the record shows that Helton knowingly, voluntarily, and intelligently waived his right to collateral attack—the Court conducted a plea colloquy in which Helton confirmed that he was not coerced into entering the plea agreement and

2

that he understood the agreement and its consequences, including the role of the sentencing guidelines in determining his sentence and his understanding of the plea agreement's waiver provision. *See* Rearraignment Hearing Recording[1] at 17:44–18:23, 29:33–30:57, 31:00–33:36. Moreover, the Court accepted the guilty plea with no objection. *See* DE 44 (Order Adopting Guilty Plea). Because Helton waived his right to collaterally attack his guilty plea and that waiver was valid, his claim fails.

Further, Judge Smith appropriately concluded that to the extent that Helton seeks to collaterally attack his sentence, he did not directly appeal the sentence, thereby waiving his right to challenge it through this motion. *See* DE 67 at 7. Regardless, the 250-month sentence imposed on Helton was, indeed, within the statutory range identified in his signed plea agreement. *See id.*; *see also* DE 40 ¶ 4. The agreement did not further attempt to resolve the guideline range or bind the sentencing court.

Because his claim for relief fails, and because, procedurally, Helton made no objection to Judge Smith's proper resolution, the Court must deny Helton's motion. Judge Smith also recommended that no COA issue, concluding that "reasonable jurists would not debate the denial of Helton's § 2255 Motion." DE 63 at 8. The Court concurs. Now beyond the objection deadline, Helton has raised no complaint, timely or otherwise, regarding Judge Smith's expert treatment.

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 63 and **DENIES** DE 61; and

2. The Court, in making this final order, further **DENIES** the issuance of a COA. A COA may issue where a movant has made a "substantial showing of the denial of a

---

[1] As noted by Judge Smith, the official record of Helton's rearraignment hearing is an audio recording, *see* DE 42 (Rearraignment Minutes) at 1, and the citations reference the relevant timestamps in terms of minutes and seconds, respectively.

constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)). Helton has not made a "substantial showing" as to any claimed denial of rights. Reasonable jurists would not find the Court's determination debatable, as a matter of procedure or substance, and no COA should issue. This, too, is a conclusion that Judge Smith recommended and to which Helton did not demur. This the 10th day of December, 2024.

Signed By:
Robert E. Wier  *REW*
United States District Judge